UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **LUCILLE HARRIS,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 5:16-CV-01050-MHH |
| } | |
| **NANCY A. BERRYHILL,** } | |
| **Acting Commissioner of the** } | |
| **Social Security Administration,** } | |
| } | |
| Defendant. } | |

## **MEMORANDUM OPINION**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c), plaintiff Lucille Harris seeks judicial review of a final adverse decision of the Commissioner of Social Security. The Commissioner denied Ms. Harris's claim for a period of disability, disability insurance benefits, and supplemental security income. After careful review, the Court remands the Commissioner's decision.[1]

## **I. PROCEDURAL HISTORY**

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. (*See* https://www.ssa.gov/agency/commissioner.html). Therefore, the Court asks the Clerk to please substitute Ms. Berryhill for Carolyn W. Colvin as the defendant in this action. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. Later opinions should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded.").

Ms. Harris applied for a period of disability, disability insurance benefits, and supplemental security income on March 24, 2014. (Doc. 6-6, pp. 2-14). Ms. Harris alleges that her disability began on February 1, 2014. (Doc. 6-6, pp. 2, 9). The Commissioner initially denied Ms. Harris's claims on May 30, 2014. (Doc. 6-5, pp. 4, 9). Ms. Harris requested a hearing before an Administrative Law Judge (ALJ). (Doc. 6-5, pp. 16-18). The ALJ issued an unfavorable decision on December 28, 2015. (Doc. 6-3, pp. 14-26). On April 28, 2016, the Appeals Council declined Ms. Harris's request for review (Doc. 6-3, p. 2), making the Commissioner's decision final and a proper candidate for this Court's judicial review. *See* 42 U.S.C. § 405(g) and § 1383(c).

## II. STANDARD OF REVIEW

The scope of review in this matter is limited. "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [his] 'legal conclusions with close scrutiny.'" *Riggs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's factual findings. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d

1155, 1158 (11th Cir. 2004). In evaluating the administrative record, the Court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citation omitted). If substantial evidence supports the ALJ's factual findings, then the Court "must affirm even if the evidence preponderates against the Commissioner's findings." *Costigan v. Comm'r, Soc. Sec. Admin.*, 603 Fed. Appx. 783, 786 (11th Cir. 2015) (citing *Crawford*, 363 F.3d at 1158).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards. If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis, then the Court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. SUMMARY OF THE ALJ'S DECISION

To determine whether a claimant has proven that she is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past

relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

In this case, the ALJ found that Ms. Harris has not engaged in substantial gainful activity since February 1, 2014, the alleged onset date. (Doc. 6-3, p. 19). The ALJ determined that Ms. Harris suffers from the following severe impairments: asthma, pain in the shoulders, and diverticulitis. (Doc. 6-3, p. 19). Based on a review of the medical evidence, the ALJ concluded that Ms. Harris does not have an impairment or a combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 6-3, p. 19).

In light of Ms. Harris's impairments, the ALJ evaluated Ms. Harris's residual functional capacity or RFC. The ALJ determined that Ms. Harris has the RFC to:

> perform less than the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can lift and carry 50 pounds occasionally and 25 pounds frequently. She can stand, walk and si[t] eight hours in an eight hour day. She can frequently push and pull bilaterally with the lower extremities. She can frequent[ly] cli[mb] ramps and stairs. She cannot climb ladders, ropes, and scaffolds. She can frequently balance, stoop, crouch, crawl and kneel. She can frequently perform front and lateral reaching with the bilateral upper extremities. She cannot perform overhead reaching bilaterally. She cannot be exposed to unprotected heights. She should avoid

concentrated exposure to fumes, odors, dust, gases, poor ventilation, extreme cold, heat, humidity and wetness.

(Doc. 6-3, p. 20).

Based on this RFC, the ALJ concluded that Ms. Harris is able to perform her past relevant work as a preschool teacher, a file clerk, and an aid. (Doc. 6-3, pp. 24-25). Based on testimony from a vocational expert, the ALJ also found that other jobs exist in the national economy that Ms. Harris can perform, including hand packager, janitor, and assembler. (Doc. 6-3, pp. 25-26). Accordingly, the ALJ determined that Ms. Harris is not disabled within the meaning of the Social Security Act. (Doc. 6-3, p. 26).

## IV. ANALYSIS

Ms. Harris argues that the ALJ failed to properly apply the Eleventh Circuit pain standard. The Court agrees.

"To establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test by showing '(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.'" *Zuba-Ingram v. Commissioner of Social Sec.*, 600 Fed. Appx. 650, 656 (11th Cir. 2015) (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per

curiam)). A claimant's testimony coupled with evidence that meets this standard "is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citation omitted). If the ALJ discredits a claimant's subjective testimony, then the ALJ "must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225; *see* SSR 16-3P, 2016 WL 1119029 at *9 ("The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.").[2]

---

[2] On March 28, 2016, SSR 16-3p superseded SSR 96-7p, the previous ruling concerning subjective complaints about pain. 2016 WL 1237954 at *1. SSR 16-3p "provides guidance about how [the Social Security Administration] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims." 2016 WL 1119029 at *1. SSR 16-3p eliminates the term "credibility" from social security policy but does not change the factors that an ALJ should consider when examining subjective pain testimony. *See* 2016 WL 1119029 at *7. SSR 16-3p provides clarification of the subjective pain standard; it does not substantively change the standard. The Appeals Council declined review on April 28, 2016 (Doc. 6-3, p. 2) which made the ALJ's opinion the Commissioner's final decision. *See Sims. v. Apfel*, 530 U.S. 103, 106-07 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision."). SSR 16-3p applies to administrative decisions issued on or after March 28, 2016. The Court has not located authority indicating that the Appeals Council was required to apply SSR 16-3p to its review of the ALJ's decision, but because the ALJ's opinion became the Commissioner's final decision on April 28, 2016, it appears that SSR 16-3p is the operative ruling concerning an evaluation of Ms. Harris's pain testimony. Under the circumstances of this case, the Court would remand for further proceedings under either standard.

Ms. Harris alleges that she suffers from disabling pain in her hands, arms, neck, back, left knee, and feet. (Doc. 6-3, pp. 44, 55, 57).[3] At her administrative hearing, Ms. Harris testified that she has numbness in her hands and thumbs. (Doc. 6-3, p. 44). Ms. Harris testified that she suffers from flatfeet which began to interfere with her ability to work around 2000. (Doc. 6-3, p. 56). Ms. Harris testified that since 2008, she has experienced unbearable neck pain that travels from her spine to her temple. (Doc. 6-3, p. 56). Ms. Harris testified that she suffers from a stabbing pain in her lower back. (Doc. 6-3, p. 57). Ms. Harris testified that she has had knee pain in her left knee since 2000, but she had not sought treatment for her knee pain until shortly before the administrative hearing. (Doc. 6-3, p. 57).

Ms. Harris testified that she can stand for no more than 15 minutes. (Doc. 6-3, p. 60). She stated that after sitting for 20 minutes, she "itch[es]" to get up. (Doc. 6-3, p. 60). Ms. Harris testified that she can walk for 20-30 minutes at one time. (Doc. 6-3, p. 60). A "[l]ot of times when [she] walks," Ms. Harris's left knee "gives out," and she falls. (Doc. 6-3, p. 60). Ms. Harris explained that she cannot crawl, squat, or kneel. (Doc. 6-3, pp. 60-61). Ms. Harris testified that she can lift only a half-gallon of milk. (Doc. 6-3, p. 62). She testified that she must lie

---

[3] Ms. Harris does not challenge the ALJ's evaluation of her complaints of pain associated with her asthma or diverticulitis. (Doc. 10, pp. 5-12). Therefore, the Court focuses its analysis on Ms. Harris's complaints regarding musculoskeletal pain and the ALJ's corresponding findings.

down for a couple of hours a day. (Doc. 6-1, p. 62). Ms. Harris testified that she cooks, does a little sweeping, goes grocery shopping, and sometimes goes to church. (Doc. 6-3, pp. 63-64).

The ALJ found that Ms. Harris's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Ms. Harris's] statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely credible." (Doc. 6-3, p. 21).[4] The ALJ stated that she "considered the medical source opinion evidence to be a major factor in assessing [Ms. Harris's] limitations and in evaluating the credibility of her subjective complaints." (Doc. 6-3, p. 23). The ALJ rejected Ms. Harris's subjective pain testimony in part because she found that "not one of the medical sources of record has offered an opinion that [Ms. Harris] has limitations greater than those stated in the above residual functional capacity." (Doc. 6-3, p. 23).[5]

---

[4] Although the ALJ used the term "credible," the ALJ did not base her findings on evidence in the record that was unrelated to Ms. Harris's impairments, and she did not assess whether Ms. Harris generally was a truthful person. Assuming that SSR 16-3p applies to the analysis of Ms. Harris's subjective complaints, the ALJ properly reviewed Ms. Harris's testimony about her pain, the objective medical evidence, and Ms. Harris's activities of daily living, and the ALJ compared Ms. Harris's statements to the record as whole. (Doc. 6-3, pp. 21-24). Even though the ALJ's analysis of Ms. Harris's subjective complaints does not run afoul of SSR 16-3p in this regard, as explained below, because the ALJ failed to acknowledge a treating physician's lifting restrictions, the Court is unable to determine whether substantial evidence supports the ALJ's overall analysis of Ms. Harris's pain testimony.

[5] The ALJ also found that objective medical examination findings, the conservative nature of Ms. Harris's care, Ms. Harris's failure to follow certain recommended treatment, and Ms. Harris's daily activities undermine her subjective complaints of pain. (Doc. 6-3, pp. 21-24). The Court does not consider Ms. Harris arguments with respect to this portion of the ALJ's analysis

This finding is not supported by the record. In March 2014 and November 2014, Dr. Marco Ortega, one of Ms. Harris's treating physicians, instructed Ms. Harris to "avoid lifting more than 5 [pounds] to prevent complications in [her] cervical spine." (Doc. 6-13, p. 81; Doc. 6-15, p. 48).

An ALJ must give the opinion of a treating physician like Dr. Ortega "substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks and citation omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41; *see also Crawford*, 363 F.3d at 1159. An ALJ "must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error," unless the ALJ's failure to give the physician's opinion proper weight is harmless error. *Wright v. Barnhart*, 153 Fed. Appx. 678, 684 (11th Cir. 2005) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). An error is harmless if the correct application of the treating physician standard "would not contradict the ALJ's ultimate findings." *Wright*, 153 Fed. Appx. at 684.

---

because the Court finds that the ALJ's failure to consider a treating physician's opinion requires remand.

9

This is not a case where Dr. Ortega's opinion "merely supported the ALJ's conclusion," such that the ALJ's failure to account for Dr. Ortega's lifting restrictions is harmless error. *Nyberg v. Comm'r of Soc. Sec.*, 179 Fed. Appx. 589, 592 (11th Cir. 2006). Dr. Ortega's opinion that Ms. Harris should not lift more than five pounds directly contradicts the ALJ's RFC determination which indicates that Ms. Harris is able to "lift and carry 50 pounds occasionally and 25 pounds frequently." (Doc. 6-3, p. 20). In addition, Dr. Ortega's opinion supports Ms. Harris's testimony that she can lift only a half-gallon of milk. Without acknowledging or assigning weight to the lifting restriction that Dr. Ortega identified, the ALJ relied on consultative examiner Dr. Shelly Lewis's opinion that Ms. Harris can work and rejected Ms. Harris's pain testimony. (Doc. 6-3, p. 24).

Because the parties did not address the lifting restriction that Dr. Ortega placed on Ms. Harris, the Court entered an order giving the parties an opportunity to explain the impact of the ALJ's failure to consider Dr. Ortega's opinion. (Doc. 14). The Commissioner argues that the ALJ's failure to mention Dr. Ortega's opinion is harmless because Dr. Ortega did not continue the 5 pound lifting restriction after November 14, 2014 and because Dr. Ortega did not note the 5 pound lifting restriction when he referred Ms. Harris to physical therapy in

February 2015. (Doc. 15, pp. 2-4).[6] Ms. Harris explains that there is no evidence that Dr. Ortega changed the lifting restriction and that treatment notes that post-date the lifting restriction indicate that Ms. Harris continued to experience problems with her cervical spine. (Doc. 16, pp. 2-3). Ms. Harris also contends that Dr. Ortega ordered physical therapy to treat her patellofemoral syndrome, not her cervical radiculopathy; therefore, according to Ms. Harris, Dr. Ortega reasonably would not have included the lifting restriction associated with Ms. Harris's cervical spine in notes concerning physical therapy to treat an unrelated issue. (Doc. 16, p. 3). The parties' arguments demonstrate why the Court cannot find that the ALJ's failure to credit Dr. Ortega's opinion is harmless error "without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." *Nyberg*, 179 Fed. Appx. at 592; *compare Wright*, 153 Fed. Appx. at 684 ("Although the ALJ did not explicitly state what weight he afforded the opinions of [various physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless.").

Because the ALJ did not consider or assign weight to the lifting restrictions that Dr. Ortega placed on Ms. Harris, the Court cannot determine whether substantial evidence supports the ALJ's analysis of Ms. Harris's subjective

---

[6] The physical therapy form to which the Commissioner refers requests, as the Commissioner noted, information about weight bearing limitations, not weight lifting limitations. (Doc. 6-16, p. 29).

complaints of pain.  *See e.g., Short v. Comm'r of Soc. Sec. Admin.*, 581 Fed. Appx. 754, 757 (11th Cir. 2014) ("[W]ithout a clear articulation of the reasons the ALJ rejected Dr. Martin's opinion, it is impossible to determine whether the ultimate decision was rational and supported by substantial evidence.") (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).  Therefore, the Court remands this case to the Commissioner for an evaluation of Ms. Harris's pain testimony in light of Dr. Ortega's opinion that Ms. Harris cannot lift more than five pounds.[7]

## V. CONCLUSION

For the reasons discussed above, the Court remands this case to the Commissioner for administrative proceedings consistent with this memorandum opinion.  The Court will enter a separate final order.

**DONE** and **ORDERED** this September 22, 2017.

_/s/ Madeline H. Haikala_
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[7] The Court also recommends that the ALJ reconsider the RFC in light of Dr. Ortega's opinion.